## ASAHEL GAGE

### *v.*

### BOARD OF DIRECTORS OF THE CHICAGO THEOLOGICAL SEMINARY.

*Filed at Ottawa May 10, 1883.*

PRACTICE—*action of the trial court in case a judgment of reversal of the Appellate Court is reversed in the Supreme Court.* A decree of the circuit court giving equitable relief against several, was reversed by the Appellate Court, and the cause remanded, with directions to dismiss the bill as to one of the original defendants, which was accordingly done; but after this, on writ of error from this court, the judgment of the Appellate Court was reversed for want of jurisdiction, and that court directed to dismiss the writ of error issued therefrom, which it did. The circuit court then, on motion, vacated its order of dismissal, leaving the original decree stand as when first entered: *Held*, no error, and that on the reversal of the order of the Appellate Court it was as if it had never been made, and that complainant was entitled to be restored to his rights under the original decree.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant.

Mr. DAVID FALES, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On March 7, 1876, the board of directors of the Chicago Theological Seminary obtained a decree in the circuit court of Cook county, against Asahel Gage and others. In October. 1880, Gage obtained a writ of error from the Appellate Court for the First District, and on March 9, 1881, the Appellate Court reversed the decree of the circuit court, and directed the circuit court to dismiss the bill of complaint of the board of directors as to Gage. On September 29, 1881, the cause was re-docketed in the circuit court, and the bill was dismissed as to Gage. November 14, 1881, the board of directors obtained a writ of error from this court to the judgment of the Appellate Court, and on May 12, 1882, this court reversed the judgment of the Appellate Court, entered March 29, 1881, remanded the cause to the Appellate Court, and directed that court to dismiss the writ from the Appellate Court to the circuit court, for want of jurisdiction. The cause was thereupon re-docketed in the Appellate Court, and that writ of error was dismissed by the Appellate Court, July 25, 1882. A copy of the order of dismissal was filed in the circuit court, the cause re-docketed in that court, and, on October 19, 1882, the circuit court, on motion, entered an order vacating its order of September 29, 1881, under which the bill was dismissed as to Gage, in obedience to the mandate from the Appellate Court upon its order entered March 29, 1881. Gage appeals from this last order of vacation of the circuit court of October 19, 1882, only, and brings to this court the record of the cause only so far as said order is involved.

The position taken by appellant, Gage, is, that the decree of the circuit court of September 29, 1881, dismissing the bill as to him, was a final decree; that the circuit court had no power, at a subsequent term, to vacate that decree, on motion; that the only mode of annulling it was by a review

of the decree in an appellate tribunal, or by a bill of review; that the writ of error from the Appellate Court was not to that decree, but to the decree of March 7, 1876, giving relief to Gage; and that, besides, the Appellate Court, on July 25, 1882, made a mere order of dismissal of that writ of error, without any directions to the circuit court.

Our statute is as follows: "When an appeal or writ of error shall be prosecuted from a judgment, order or decree to the Supreme Court or Appellate Court, and such appeal or writ of error is dismissed, or the judgment, order or decree is affirmed, upon a copy of the order of the Supreme Court or Appellate Court, as the case may be, being filed in the office of the clerk of the court from which the case was originally removed, execution may issue, and other proceedings may be had thereon, in all respects as if no appeal or writ of error had been prosecuted." (Rev. Stat. 1874, p. 797.) Without looking further, we think that, under this statute, there may be found sufficient warrant for the action of the circuit court in vacating, on October 19, 1882, its former order of September 29, 1881, dismissing Gage from the case. That order of September 29 was entered in obedience to the mandate of the Appellate Court upon its judgment of reversal of the original decree of the circuit court, upon a writ of error to that decree. But that judgment of the Appellate Court was reversed by this court, and, in obedience to direction of this court, the Appellate Court dismissed the writ of error to the circuit court, for want of jurisdiction. We do not see but that this makes a case under the statute; that the writ of error being dismissed, the case should stand in all respects as if no writ of error had been prosecuted,—that is, that the board of directors of the Chicago Theological Seminary should have their original decree against Gage as it was first rendered by the circuit court. The order of the circuit court of September 29, 1881, dismissing the bill as to Gage, was made under the mandate of the Appellate Court, which it

could but obey; and when the order of the Appellate Court was reversed, as being erroneous, and it was directed to dismiss the writ of error to the circuit court, it was as if the order had never been made. It fell, and all that had been done in obedience to it, and the board of directors were entitled to be put back in the same position as if the writ of error from the Appellate Court had not been sued out, and as if the erroneous order of the Appellate Court had not been entered, and by vacating the order of September 29, 1881, the original decree of March 7, 1876, was left in full force. As to right of restoration to what has been lost under a judgment which is reversed, see *McJilton* v. *Love*, 13 Ill. 494; *United States Bank* v. *Bank of Washington*, 6 Pet. 8; Freeman on Judgments, sec. 481.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*